UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN B. CUMMINGS, a married individual residing in Idaho, | Case No. 4:15-cv-00599-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| STEWART TITLE GUARANTY COMPANY, a Texas Corporation; JOHN DOES 1-10, | |
| Defendants. | |

## INTRODUCTION

Before the Court is *pro se* Plaintiff Steven Cummings' Motion for Leave of the Court to Amend the Complaint. Dkt 53. The deadline for briefing has passed and the motion is ripe for decision. For the reasons that follow the Court will deny the motion.

## BACKGROUND

This matter arises from a disputed property transaction and a drawn-out legal battle. The history of the disputed property transaction and resulting legal proceedings is more fully set out in *Cummings v. Stephens*, 157 Idaho 348, 351

(2014). Briefly, Cummings purchased property from Roger Stephens. Northern Title, Defendant Stewart Title's agent, botched the legal description of the property by including an extra 83 acres, which Stephens did not intend to sell. When the error was discovered Northern Title amended the warranty deed and re-recorded it without Cummings' consent. Cummings sued Stephens and Northern Title in the District Court of the Sixth Judicial District, in the County of Bear Lake. After a bench trial, Cummings' claims against Stephens were dismissed. The Judge awarded $50,000 to Cummings for Northern Title's negligence, but dismissed the remainder of his claims. Both Cummings and Northern Title appealed. The Idaho Supreme Court affirmed the trial court except to reverse the award of damages against Northern Title. The Supreme Court then awarded attorney fees to Stephens and Northern Title. Cummings was represented by counsel throughout the state court proceedings and the subsequent bankruptcy action, discussed below.

On December 31, 2015, Cummings filed a complaint against Stewart Title in this Court related to Stewart Title's involvement in the transaction discussed above. *Compl*., Dkt. 1. In his complaint, Cummings alleges Stewart Title, and unknown John Doe defendants, breached the insurance policy agreement, acted in bad faith, and conspired to force the sale of the disputed property to thwart Cummings' ability to collect under the insurance policy. *Id.* at 11-14. In his

complaint Cummings repeatedly references the state court proceedings. *Id.* ¶¶ 6.8-6.11. It appears from the complaint that Cummings believes Stewart Title should be liable both for actions prior to the trial judge's order and for post-judgment actions.

On August 2, 2016, this Court entered a case management order, which set the deadline for joinder of parties and amendment of pleadings for January 20, 2017. Dkt. 13. On December 7, 2016, the Parties filed a joint stipulation to amend the case management order. Dkt. 25. This stipulation broke the litigation into two phases, and required that dispositive motions related to statute of limitations and issue or claim preclusion be filed by March 1, 2017. *Id.* The stipulation did not change the deadline for amended pleadings or joinder of parties.

On March 1, 2017, Stewart Title filed a motion for summary judgment arguing Cummings' complaint was barred by the Rooker-Feldman Doctrine, issue preclusion and/or claim preclusion. Dkt. 26. On March 17, 2017, a notice was filed that Cummings and his wife had filed a petition for bankruptcy. Dkt. 31. On August 2, 2017, this case was stayed pending the bankruptcy proceedings. Dkt. 32. On October 29, 2019, Cummings filed a motion to reopen proceedings in this case. Dkt. 34. On December 19, 2019 this Court lifted the bankruptcy stay. Dkt. 46. On January 7, 2020, Court staff held a telephonic status conference with the parties to

discuss updating the litigation schedule. During that conference Cummings

notified the Court that he intended to file a motion to amend his complaint. *See*

Dkt. 46. The Court determined that it would be most efficient to address a motion

to amend prior to issuing an amended scheduling order and ordered that Cummings

file any amended complaint within 14 days of the order or the Court would issue

an updated scheduling order. *Id.* Cummings repeatedly sought extensions of time

to file his motion for leave to amend, which the Court granted.[1]

In Cummings' proposed amended complaint he adds nine defendants and at

least ten causes of action. *Amd. Compl.*, Dkt. 53-3. In addition to breach of

contract, breach of fiduciary duties, conspiracy, and various other state law claims,

Cummings also asks the Court to reform the insurance contract between him and

Stewart Title and to quiet title on the 83 acres that were erroneously included in the

---

[1] Cummings also filed an objection to this Court's order granting his last requested extension. Dkt. 61. In that order the Court indicated that it would not be inclined to grant future extensions because *pro se* plaintiffs are responsible for complying with all of the applicable court rules and deadlines. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants."). Cummings alleges he is disabled and thus the Court should grant him future extensions as an accommodation under the Americans with Disabilities Act. The ADA does not apply to federal courts. *See Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). The Court is not unsympathetic to Cummings' situation, however it will expect him to meet future deadlines unless he has a very specific reason demonstrating good cause for an extension. *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) ("A litigant who chooses himself as legal representative should be treated no differently [than a litigant with counsel].").

original warranty deed. Cummings also brings a § 1983 claim against Bearnson and Caldwell, Brad Bearnson, and Aaron Bergman

## LEGAL STANDARD

Motions to amend a pleading filed after the scheduling order deadline has expired are governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Id*. at 608. A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, *1 (D. Idaho June 8, 2005). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end. *Id.*

## ANALYSIS

Cummings argues that good cause exists because he has been diligent in meeting deadlines and moving to reopen the case after the bankruptcy stay was

lifted. *Pl.'s Mem.* at 2-3. He also alleges that Stewart Title has contributed to delays, but does not specify how. Finally, he alleges that an attorney for Stewart Title interfered in Cummings' bankruptcy proceeding prior to appearing in this case. *Id.* at 5. But, he does not provide any reason why the amended complaint could not have been filed prior to the deadline set in the scheduling order.

Cummings waited until after the dispositive motion deadline to file a motion for leave to amend. He also waited almost two months after the bankruptcy stay was lifted to file his motion. It appears that the claims in the amended complaint arose prior to Cummings initiating this lawsuit. Cummings has not shown that any information related to his amended complaint was unavailable prior to filing this lawsuit. There is simply nothing in his motion justifying his delay in seeking leave to amend. The Court finds that Cummings has not shown good cause.

Even assuming good cause had been shown, allowing amendment at this time would be highly prejudicial to the Defendant, and those defendants Cummings seeks to add, because Cummings' proposed amendment greatly expands the scope of the lawsuit. Defendants would be forced to reopen discovery and start over from square one.

Further, many of the claims in Cummings' amended complaint are futile. Most of claims in the amended complaint arise out of the same disputed property

**MEMORANDUM DECISION AND ORDER - 6**

transaction that was fully litigated in state court and are barred by the doctrines of preclusion. Cummings' § 1983 claim is also futile because he has not pled that any of the defendants, as attorneys representing private clients, were acting under color of state law. Finally, it appears that at least some of the defendants Cummings seeks to add are Idaho residents and would thus destroy the diversity of parties necessary for this Court's jurisdiction.

Because the Court will deny Cummings' motion for leave to amend, the Court will reset deadlines for Phase I of the parties stipulated case management order. Dkt. 25. Defendant filed a motion for summary judgment on March 1, 2017. If Defendant wishes to renew this motion, it shall file notice with the Court within seven days of this order. If the Court denies any portion of the motion it will schedule a status conference with the parties and issue a new scheduling order addressing phase II deadlines.

**ORDER**

**IT IS ORDERED that:**

1.      Plaintiff's Motion for Leave to Amend (Dkt. 53) is **DENIED**.

2.      If Defendant wishes to renew its motion for summary judgment it shall filed a notice with the Court within seven days of this order.

DATED: May 13, 2020

_____

B. Lynn Winmill
U.S. District Court Judge