UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN B. CUMMINGS, a married individual residing in Idaho, | Case No. 4:15-cv-00599-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| STEWART TITLE GUARANTY COMPANY, a Texas Corporation; JOHN DOES 1-10, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is *pro se* Plaintiff ,Steven Cummings' Motion for Reconsideration (Dkt. 71)[1] of this Court's order (Dkt. 67) denying his motion for leave to amend his complaint. Also, before the Court are Cummings' motions for extension of time to respond to Defendant's motion for summary judgment. Dkt. 70, 77. The Court has carefully reviewed the record in this case. The motions are

---

[1] The Court received a "corrected memorandum" in support of Cummings' motion on July 9, 2020. Dkt. 75. Defendants did not have an opportunity to respond to this memorandum. The Court has reviewed it and finds that it does not change the analysis.

**MEMORANDUM DECISION AND ORDER - 1**

fully briefed and ripe for decision. For the reasons that follow the Court will deny the motion for reconsideration and grant the motions for an extension of time to respond.

## BACKGROUND

The factual and procedural background of this case are set out in the Court's order denying Cumming's motion to amend his complaint. Dkt. 67. The scheduling order in this case set the deadline for joinder of parties and amendment of pleadings for January 20, 2017. Dkt. 13. On March 17, 2017 notice was filed that Cummings and his wife had filed for bankruptcy. Dkt. 31. This case was stayed pending the bankruptcy proceeding. Dkt. 32. On December 19, 2019 the bankruptcy stay was lifted. Dkt. 46. On February 7, 2020, Cummings filed a motion to amend the complaint. Dkt. 53. On May 13, 2020, the Court denied Cummings' motion to amend his complaint, finding Cummings had failed to show good cause for waiting to file until after the dispositive motion deadline, that the delay would prejudice Defendant, and amendment would be futile. Dkt. 67. Cummings now asks the Court to reconsider its order. Dkt. 71.

## LEGAL STANDARD

Cummings brings his motion for reconsideration under Federal Rule of Civil Procedure 59(e). Rule 59 applies only to judgments and does not apply to

**MEMORANDUM DECISION AND ORDER - 2**

interlocutory orders. *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) ("[T] the word 'judgment' encompasses final judgments and appealable interlocutory orders.").

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943). In addition, the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders. Fed. R. Civ. P. 54(b), 60(b). The Court, therefore, construes Cummings' Motion as one brought pursuant to Rule 54(b), which can be revised at any time under the Court's inherent authority. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.")

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the

case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D. Cal. 1981) (Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

While courts have the inherent authority to review interlocutory orders at any time prior to entry of final judgment, to determine the merits of a request to reconsider an interlocutory order, both this Court and district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those

**MEMORANDUM DECISION AND ORDER - 4**

used to reconsider final orders pursuant to Rule 59(e).[2] *See, Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59 reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *America Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

## ANALYSIS

Cummings argues that reconsideration is warranted on the basis of new evidence, the need to correct clear error, and to prevent further manifest injustice. Dkt. 71 at 1.

---

[2] Rule 60(b) provides grounds for relief from a judgment or order which courts also use in deciding a motion for reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) The grounds in Rule 60(b) mostly track Rule 59(e) with a few specific additions, which are not applicable here.

Cummings argues that the court misconstrued the facts leading to his state case. The general background was taken from *Cummings v. Stephens*, 157 Idaho 348, 351 (2014) and ultimately had no bearing on the Court's decision to deny Cumming's motion to amend his complaint. While Cummings may not like the state courts' decisions regarding his previously litigated claims, he cannot relitigate them here. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). There was no clear error in the Court's denial of Cummings motion to amend on this basis.

Cummings argues that defense counsel interfered in his bankruptcy proceedings, that Defendant received notice of the bankruptcy in January 2017 and that Cummings reserved the right to amend his litigation plan. Dkt. 71-1 at 5-8. These arguments are presumably made to demonstrate good cause for Cummings failure to file his motion to amend prior to the deadline set in the case management order. The case management order governed the proceedings in this case and Cummings could not unilaterally choose a different date. Cummings did not file a motion or request an extension of time to file an amended complaint before the deadline passed. Cummings suggests that Defendant's receipt of notice of the bankruptcy in January 2017 should have paused all litigation. However, this Court did not receive notice of Cummings' bankruptcy until March 2017, well after the

deadline for amendment of pleadings had passed. Cummings raised these arguments in his motion to amend, and the Court considered them. They are not newly discovered evidence nor do they demonstrate the Court clearly erred in denying his motion.

Cummings argues that there is newly discovered evidence contained in an expert report filed as an exhibit to his motion for reconsideration. Dkt. 71-1 at 20. The expert report is not dated and was not properly authenticated. Despite this the Court has reviewed the expert report. Much of this evidence relates to the disputed land transaction that was litigated in the state courts. Further, Cummings attached a similar expert report to his proposed amended complaint. Finally, this evidence relates to the description of the property and the date of the transfer, which Cummings argues occurred in 2016 instead of 2014. The expert report also references several amended orders for sale based on, what the expert believes, is the forged legal description. However, this was the same legal description addressed in the prior court proceedings. Cummings has not shown why this evidence was unavailable prior to filing his motion to amend the complaint. Further, it does not change the Court's analysis.

Cummings spends a significant portion of his motion arguing that he has been diligent, and that good cause exists to allow him to amend the complaint. But

**MEMORANDUM DECISION AND ORDER - 7**

he cannot rehash this argument on a motion for reconsideration. Further, Cummings does not address the Court's findings that allowing him to amend the complaint would prejudice Defendant or that many of the claims would be futile. Dkt. 67 at 6-7. Accordingly, the Court will deny his motion for reconsideration.

Cummings also seeks an extension of time to file a response to Defendant's motion for summary judgment. Dkt. 70, 77. Defendant opposes an extension. Dkt. 73. Cummings states that that he is undergoing medical procedures related to a terminal illness and the COVID-19 pandemic has restricted his ability to research the law surrounding Defendant's motion. Dkt. 70-2. In his subsequent motion, Cummings states that he is in the hospital and has had to undergo numerous surgical procedures. Dkt. 77. Cummings seeks at least a 90 day extension.

Defendant's motion for summary judgment was filed on May 20, 2020. Under Local Civil Rule 7.1(c) a responding party has 21 days to file their response, which would have made Cummings response due on June 10, 2020. Cummings filed his first motion to extend was received by the Court on June 18, 2020. Due to the severity of Cummings current medical condition and hospitalization the Court will grant Cummings an extension of time to file his response to Defendant's motion. Cummings shall file his response on or before September 8, 2020, which is 90 days after the original response deadline.

MEMORANDUM DECISION AND ORDER - 8

# ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Motion for Reconsideration (Dkt. 71) is **DENIED**.

2.    Plaintiff's Motions for Extension of Time (Dkt. 70, 77) are

**GRANTED.** Plaintiff shall file his response to Defendant's motion for summary

judgment on or before September 8, 2020.

DATED: August 3, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**