UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN B. CUMMINGS,<br><br>Plaintiff,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY, a Texas Corporation; JOHN DOES 1-10,<br><br>Defendants. | Case No. 4:15-cv-00599-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Stewart Title Company's Motion for Summary Judgment (Dkt. 72). Plaintiff has failed to respond to Stewart Title's motion for summary judgment and the motion is ripe for decision. For the reasons that follow the Court will grant the motion.

## BACKGROUND

The factual and procedural background of this case is more fully set out in the Court's order denying Cumming's motion to amend his complaint, (Dkt. 67), and in *Cummings v. Stephens*, 157 Idaho 348, 351-53 (2014). Roger and Barbara Stephens owned a parcel of property consisting of 270 acres on the west side of the

highway in Bear Lake County, Idaho, and another parcel consisting of 83 acres on the east side of the highway. The Stephenses decided to sell the property on the west side of the highway and engaged Northern Title to begin the title work, which included preparing a legal description of the property.

Cummings became interested in purchasing the property. He received copies of the purchase contract and the commitment for title insurance, both of which contained an erroneous legal description of the property, by including the parcels on both sides of the highway and two additional parcels the Stephenses did not own. Based on this legal description, Cummings alleges that he believed he was buying property on both sides of the highway.

Northern Title recorded a warranty deed granting Cummings property on both the east and west sides of the highway, but excluding the property that the Stephenses did not own. After discovering its mistake, Northern Title re-recorded the warranty deed excluding the property on the east side of the highway without Cummings' consent. Northern Title sent Cummings an Owner's Policy for Title Insurance in April 2008. The legal description of the insured property listed only the property on the west side of the highway.

Cummings filed an action in state court against Mr. Stephens and Northern Title. He alleged that Northern Title breached the escrow agreement, breached the

Idaho Escrow Act, breached its duty of good faith and fair dealing, acted negligently, and breached the policy of title insurance. The claims were tried in a four-day bench trial before Judge Nye in the Sixth Judicial District. Judge Nye awarded $50,000 to Cummings for Northern Title's negligence but dismissed the remainder of his claims. Judge Nye found that Northern Title and Cummings had understood all along that the sale only included property west of the highway. He also found that Cummings was not entitled to any property east of the highway and had no right to recover any value for property east of the highway. Cummings and Northern Title both appealed Judge Nye's order. The Idaho Supreme Court affirmed the Judge Nye, except to reverse the award of damages against Northern Title. *Cummings v. Stephens*, 157 Idaho 348 (2014).

In March of 2015, Stewart Title received written notice of Cummings' claim under the title policy stemming from the transaction with Stephens. In December 2015, Cummings filed the complaint against Stewart Title in this case, alleging claims of breach of the insurance policy agreement, bad faith, and conspiracy. Dkt. 1.

On March 1, 2017, Defendant filed a motion for summary judgment arguing that Cummings' complaint was barred by the *Rooker-Feldman* Doctrine, issue preclusion, and/or claim preclusion. Dkt. 29. On August 2, 2017, the case was

stayed pending Cummings' bankruptcy proceedings. Dkt. 32. On December 19, 2019 the bankruptcy stay was lifted. Dkt. 46. Cummings subsequently filed a motion to amend his complaint, Dkt. 53, which was denied by the Court on May 13, 2020. Dkt. 67. The Court denied Cummings' motion for reconsideration on August 3, 2020. Dkt 78. Stewart Title renewed its motion for summary judgment on May 20, 2020. Dkt. 72. Cummings filed multiple motions for extension of time to respond, which the Court granted. Dkt. 78. Despite the extensions, Cummings has not responded to the motion.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48

(1986). There must be a genuine dispute as to any material fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in their favor. *Deveraux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show by "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex*, 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

### A.   The *Rooker–Feldman* doctrine does not apply.

The *Rooker–Feldman* doctrine provides that federal district courts do not have jurisdiction to review final decisions of state courts or reverse or modify state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Review of such state court decisions may be conducted only by the United States Supreme Court. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005).

Recent Supreme Court cases have tended to emphasize the narrowness of the *Rooker–Feldman* doctrine, clarifying its scope as follows: "The *Rooker–Feldman* doctrine ... is confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

Cummings alleges in his complaint illegal acts and omissions by Stewart Title, not an error by the state court.[1] *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("*Rooker–Feldman* . . . applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment."). He asserts breach of insurance policy agreement, bad faith, and conspiracy, all against Stewart Title. These are not the types of claims that the *Rooker–Feldman* doctrine is intended to cover. Thus, Cummings' claims are not barred under the *Rooker–Feldman* doctrine.

### B. Cummings' claims are barred by both Issue Preclusion and Claim Preclusion.

Cummings' claims are, however, barred under both claim preclusion and issue preclusion. Claim preclusion and issue preclusion prevent parties and their privies from bringing or having to defend a claim or re-litigate an issue arising

---

[1] It is unclear from the face of the complaint the extent to which Cummings is challenging the findings of the Idaho state courts. The Court is satisfied, however, that the three distinct claims he does allege are barred by claim and issue preclusion and that to the extent he is seeking to relitigate the decisions below, those claims are also barred.

from the transaction that gave rise to the first suit. Both claim and issue preclusion are affirmative defenses that may be asserted in federal courts, regardless of where the original facts were tried, including, as is the case here, in state courts. *See* 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings). In determining whether a state court case has preclusive effect on a federal action, federal courts apply the state's rules governing preclusion. *See Migra v. Warren City Sch. Bd. of Educ.*, 465 U.S. 75, 83–85 (1984).

### 1. Issue Preclusion bars re-litigating whether Cummings owns the eastern acres, so his claims necessarily fail.

Under Idaho law, issue preclusion "protect[s] litigants from the burden of litigating an identical issue with the same party or its privy." *Rodriquez v. Dep't of Corr.*, 136 Idaho 90, 92 (2001). Issue preclusion applies here if: "(1) [Cummings] . . . had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the preset action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) [Cummings] . . . was a party or in privity with a party to the litigation." *Id.* at 93.

Cummings has brought claims of bad faith and breach of insurance policy against Stewart Title arising out of a property transaction that occurred in 2007-

2008. *Compl.* ¶¶ 7.1-9.9, Dkt. 1. Each of these issues turns on whether Cummings can establish that he was supposed to have received property east of the highway as part of his purchase of Stephens' Ranch. Because this issue has already been fully litigated in state court, Cummings cannot relitigate the issue here.

> a. *Cummings has had a full and fair opportunity to litigate his entitlement to the Eastern Acres.*

Cummings' lawsuit in state court alleged, among other things, that Northern Title breached its duty of good faith and fair dealing and breached its title insurance policy with Cummings by altering Cummings' warranty deed without his consent. *Cummings v. Stephens*, 157 Idaho 348, 353 (2014). These alterations acted to exclude property east of the highway that Cummings alleges that he believed he was purchasing. *See Def. Statement of Undisputed Facts*, Dkt. 72-1, at ¶¶ 9-20.

The matter was tried before Judge Nye in the Idaho state district court. Judge Nye found that Cummings was never entitled to property east of the highway and that only property west of the highway was insured by Stewart Title. He also found that Cummings failed to establish his bad faith and breach of insurance policy claims. These rulings were either not appealed, or were affirmed on appeal by the Idaho Supreme Court. *See Cummings*, 157 Idaho 348.

Cummings now alleges that he gave notice of proof of loss to Stewart Title

in 2008 and that his title insurance policy was altered from what was originally agreed to. The underlying issues are identical to those litigated in state court, at which time Judge Nye found that Cummings was not entitled to any property east of the highway.

Thus, Cummings has had a full and fair opportunity to litigate identical issues to the ones currently raised, and the issues were actually decided with a final judgment on the merits.[2] Issue preclusion applies, and Cummings cannot re-litigate the issue of whether he is entitled to property on the east side of the highway.

> b. *Because Cummings cannot establish entitlement to property east of the highway, his breach of insurance policy and bad faith claims fail.*

Cummings' claims both rely on the underlying assumption that he is entitled to property on the east side of the highway. Because this issue has already been litigated, and the state court found that he is not entitled to such property, his breach and bad faith claims fail. *See Cacciaguidi v. Reinke*, 2012 WL 892298, at *7 (D. Idaho Mar. 14, 2012) (dismissing claims under issue preclusion where "the *underlying issues* in all of the claims arose from the exact same set of facts

_____

[2] Defendant acknowledges that *issue* preclusion does not apply to Cummings' allegations relating to title defects of property on the west side of the highway. *Def. Br.*, Dkt. 72-2 at 9 n.3 Cummings complained of defects on the west side in the state court lawsuit, but the issue was not actually decided by Judge Nye. *See Pl. Second Amended Compl.* at ¶ 43, Dkt. 72-4 at 22.

considered by the three Idaho state courts").

First, to establish that Stewart Title breached Cummings' title insurance policy, Cummings must show that the policy was intended to insure the eastern property and the exclusion of the property constituted a defect in the title. Judge Nye already decided that the policy only covers property on the west side of the highway and that this accurately reflects Cummings' purchase. Cummings cannot demonstrate evidence sufficient to make out his breach of title insurance claim. *See Crandall v. Hartford Cas. Ins. Co.*, 2013 WL 502194, at *9 (D. Idaho Feb. 8, 2013) ("Because there is no coverage . . . there necessarily can be no breach of contract here.").

Cummings also cannot demonstrate facts sufficient to prove his bad faith claim. "[A]n insured asserting a claim of bad faith must show that the claim was not fairly debatable; that the denial or failure to pay was not the result of a good faith mistake; and that the resulting harm is not fully compensable by contract damages." *McGilvray v. Farmers New World Life Ins. Co.*, 136 Idaho 39, 45 (2001). "Where there is no coverage, i.e., a contractual relationship requiring the company to pay an insured's claim, the tort of bad faith does not lie." *Robinson v. State Farm Mut. Auto. Ins. Co.*, 137 Idaho 173, 182 (2002) (Walters, J., concurring in part).

As discussed, there is no genuine issue of material fact that the title insurance policy does not cover property east of the highway, so Cummings cannot make out a bad faith claim premised on Stewart Title's failure to pay for alleged title defects relating to that property.

Finally, to the extent that Cummings' claims arise out of the "Order of Sale" authorizing the forced sale of his property in 2015, the claims are still barred under issue preclusion because the basis of his claim is still that "Northern Title misrepresented to the Court that the legal description attached to the Order [of Sale] consisted of Cummings' property as it existed on the public record." *Compl.*, Dkt. 1 at 10. As discussed, the state court found that the description of property on only the west side of the highway found in the public record is an accurate description, and Cummings is not entitled to any other property.

Accordingly, Cummings' claims fail because he is precluded from re-litigating the underlying issues.

      **2.**  **Claim preclusion also bars re-litigating Cummings' current claims, including any alleged deficiencies on the west side of the property.**

Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action . . . which might have been made." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123 (2007) (internal

quotation marks and citation omitted). Claim preclusion applies when three requirements are met: "(1) the same parties or privies; (2) the same claim; and (3) a final judgment." *Cacciaguidi*, 2012 WL 892298, at *4.

First, there is no genuine issue of material fact that Stewart Title is in privity with the defendant in the state court lawsuit, Northern Title. Cummings and Stewart Title both agree that Northern Title acted as Stewart Title's agent for purposes of countersigning the title policy. *Compl.*, Dkt. 1 at ¶ 6.7; *Answer*, Dkt. 4 at ¶ 6.6. Stewart Title, as Northern Title's principal, is "identified in interest with" Northern Title such that Stewart Title "represents precisely the same right" with respect to the title insurance policy. *Silver Eagle Mining Co. v. State*, 153 Idaho 176, 180 (2012). Both entities agree that Cummings did not purchase property east of the highway and that the insurance policy does not cover such property. Moreover, Stewart Title's only interest in the lawsuit arises out of its agency relationship with Northern Title. *Cf. Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 81 (2012) (finding that a party is in privity for purposes of preclusion where "their only interest in the present action arose from their representation of former clients in the former action, and they were named solely for their alleged conduct in that capacity").

Second, there is no genuine issue of material fact that Cummings' claims

involve the same claim as in his state court lawsuit. "Idaho has adopted the 'transactional' approach to claim preclusion, which means that '[i]n an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit.'" *Cacciaguidi*, 2012 WL 892298, at *4 (quoting *Weldon v. Bonner Cty. Tax Coal.*, 124 Idaho 31, 35 (1993)).

"[W]hen a valid, final judgment is rendered in a proceeding, it extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Ticor Title*, 144 Idaho at 126 (internal quotation marks and citation omitted). In determining whether a group of facts constitutes a transaction, the Court considers whether they are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether treating them as a unit conforms to the parties' expectations. *Andrus v. Nicholson*, 145 Idaho 774, 777 (2008).

Cummings' claims here are based on the same real property transaction that led to his state court lawsuit. As discussed, Cummings' breach of insurance policy and bad faith claims both depend on a determination that he was entitled to property on the east side of the highway—an issue that was fully litigated in state

court. Moreover, Cummings identifies the evidence relied on in the first suit as facts underlying the allegations in this suit. *See Pl. Initial Disclosures*, Dkt. 72-6 at 9-18 (identifying ten areas of inquiry relating to the real property sale; seven depositions from the state court litigation; eight affidavits from the state court litigation; and all "Documents and/or Interrogatory Responses" from the defendants in the state court litigation, Northern Title and Roger L. Stephens). To the extent that Cummings' claims rely on conduct that occurred after the state court litigation, the claims are still precluded because they relate only to Stewart Title's non-payment on Cummings' insurance claim, which arose prior to the state court litigation.

Cummings' claims relating to defect of title on the west side of the property are also precluded. *See Compl.*, Dkt. 1 at ¶¶ 6.15-6.16. Cummings complained of defects on the west side in the state court lawsuit. *See Pl. Second Amended Compl.* at ¶ 43, Dkt. 72-4 at 22. The claim is part of the same underlying transaction and should have been litigated in the first suit.

Finally, there is no genuine issue of material fact that the state court action was litigated to a final judgment on the merits. Judge Nye held a bench trial, issued a written order with findings of fact and conclusions of law, and entered final judgment. Cummings appealed several of these rulings to the Idaho Supreme

Court, which affirmed the district court in all material respects.

Thus, Cummings' claims are all barred by claim preclusion, in addition to issue preclusion.[3]

### C.   Because Cummings' other claims fail, his conspiracy claim necessarily fails as well.

"Civil conspiracy is not, by itself, a claim for relief. The essence of a cause of action for civil conspiracy is the civil wrong committed as the objective of the conspiracy, not the conspiracy itself." *McPheters v. Maile*, 138 Idaho 391, 321 (2003). Cummings has not adequately alleged any other wrong in his complaint, thus his conspiracy claim fails, and Stewart Title is entitled to judgment as a matter of law.

### ORDER

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 72) is GRANTED.



DATED: November 17, 2020

_____
B. Lynn Winmill
U.S. District Court Judge

---

[3] The Court dismisses Cummings' breach of insurance policy and bad faith claims as precluded by the prior state court judgment, and thus does not reach Stewart Title's argument in the alternative that Cummings' claims are barred by their respective statutes of limitations.

MEMORANDUM DECISION AND ORDER - 16